JOHN T. SNELSON, APPELLANT, v. FISHER S. HARRIS ET AL., RESPONDENTS.

ATTACHMENT OF JUDGMENT DEBTOR—PAYMENT TO SHERIFF.

Appellant obtained a judgment against defendants, whose indebtedness on the judgment thus obtained was attached by a judgment creditor of appellant, and paid by defendants to the sheriff. *Held*, that such attachment was valid under section 3315, Comp. Laws 1888, which authorized the payment of the amount to the sheriff serving the attachment.

(No. 766.   Decided April 1, 1897.)

Appeal from the Third district court, Salt Lake county. Hon. M. L. Ritchie, *Judge*.

Action by John T. Snelson against Fisher S. Harris, administrator of Elbridge Tufts, and Jennie Tufts. Judgment for defendants. Plaintiff appeals. *Affirmed.*

*James A. Williams*, for appellant.

*Powers, Straup & Lippman*, for respondents.

ZANE, C. J.:

It appears from this record that the plaintiff recovered judgment against the late Elbridge Tufts, of which he was unable to obtain satisfaction; that, with a view to its collection, he filed a creditors' bill against Tufts and his wife, Jennie, to set aside certain deeds made by him to his wife, conveying certain real and personal property described; that, after the death of Tufts, the court, upon the trial of the case against the surviving defendant, and the administrator, Harris, found that there was due the plaintiff upon the judgment $280, and made a decree, which, so far as it is necessary to state it, is as follows: "And that all of the said property, both real and personal, and said lease be, and the same is hereby, decreed to be the property of the estate of Elbridge Tufts, deceased, unless the defendant Jennie Tufts will pay to the plaintiff or his counsel the sum of $280, within twenty days from the date hereof; upon payment of which, said transfers, assignment, and bill of sale shall be held good and valid, and the plaintiff shall satisfy judgment herein, and the judgment recorded against Elbridge Tufts in this court, upon which this suit was founded, and also the judgment recorded in this court against W. L. Pickard, Fritz Riepen, and L. P. Palmer. That the payment by Jennie Tufts, as aforesaid, of the said sum, shall be in satisfaction of this judgment, with costs of all proceedings and of this suit." This decree, in effect, found $280 to be due the plaintiff, and provided that Jennie Tufts' property should be subjected to its payment, unless she should pay the amount to plaintiff within 20 days; and the decree authorized her to pay it to the plaintiff, and declared that such payment should satisfy the judgment, and that the conveyances sought to be set aside should be valid if such payment should be

made. This decree was a means adopted to compel the defendant Jennie Tufts to pay the judgment to the plaintiff; and the decree made it her duty to do so.

It further appears that Lizzie Snelson, the divorced wife of the plaintiff, had a decree against him for $505; that an execution issued thereon was in the hands of the sheriff, and that the sheriff, in pursuance of section 3426, Comp. Laws Utah 1888, attached the $280 which the defendant Tufts was required to pay to the plaintiff; that the defendant Tufts, upon service of the execution, made answer that she was indebted to the plaintiff in the sum of $280, as evidenced by the findings and decree against her in his favor, and thereupon paid the same to the sheriff.

These facts present the question, did such payment to the sheriff for the judgment creditor of the plaintiff satisfy the decree? The ruling of the court below, holding that it did, the plaintiff assigns as error. The validity of the judgment against plaintiff is not questioned. The above-mentioned section declares that "debts and credits and all other property, both real and personal, * * * may be attached on execution in like manner as on writs of attachment." And the attachment act (section 3315, Comp. Laws Utah 1888) provides that "all persons * * * owing any debts to the defendant at the time of service upon them of a copy of the writ and notice * * * shall be, unless * * * such debts be paid to the officer, liable to the plaintiff for the amount of such * * * debts." This section authorized the payment of the amount of the decree to the sheriff serving the attachment. The orders appealed from are affirmed.

BARTCH, J., and McCARTY, District Judge, concur.